## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: L&L ENERGY, INC. SECURITIES LITIGATION | Case No.: 13-cv-6704-RA |
| | CONSOLIDATED CLASS ACTION |
| | JURY TRIAL DEMANDED |
| This Document Relates To: All Actions | ECF CASE |

## MEMORANDUM  OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## I.   NTRODUCTION[1]

Lead Plaintiffs Robert Leonard and Gregg Irvin ("Lead Plaintiffs") respectfully submit this memorandum in support of the Stipulation of Settlement dated December 15, 2014 (the "Settlement Stipulation"), filed with the Court herewith.[2]  Pursuant to the Settlement Stipulation, Lead Plaintiffs request that the Court enter an order (1) preliminarily certifying the Class for the purposes of settlement; (2) preliminarily approving the terms of the Settlement as set forth in the Settlement Stipulation; (3) approving the form and method for providing notice of the Settlement to the Class; and (4) scheduling a Settlement Hearing at which the request for Final Approval of the proposed Settlement, the Plan of Allocation of Settlement proceeds, the attorneys' fees and expenses request, and entry of the Order and Final Judgment will be considered.

In preliminarily approving the Settlement, this Court must satisfy itself that the above-captioned action (the "Litigation") may proceed as a class action.  Upon satisfying itself that the Litigation may achieve class action status, the Court must then approve the form, content, and means of notifying the preliminarily certified Class of the existence of the Litigation and of the terms of the Settlement.   The Court must then set deadlines for Lead Counsel to disseminate and/or publish the notice, for Class Members to opt-out of the Class, for Class Members to object to the terms of the Settlement, and/or for Class Members to file claims.  Lastly, the Court must set a date for the Settlement Hearing to determine whether it will approve the Settlement as fair, reasonable, and adequate.  Thus, at this stage the Court need not engage in a detailed analysis of the fairness of the Settlement, as that is reserved for the hearing on final approval, at which time

---

[1]      Though Defendants do not oppose the motion, defendants do not necessarily agree to all of Plaintiffs' characterizations of the action.

[2]      Unless otherwise defined, all terms set forth herein shall have the same meaning as the terms in the Settlement Stipulation.

interested Class Members and Lead Plaintiffs' and Defendants' Counsel shall be heard on the matter.

## II.      RELEVANT PROCEDURAL HISTORY

This Litigation commenced on August 26, 2011 in the Western District of Washington ("*Mills* Action") against L&L Energy, Inc. ("L&L" or the "Company"), Dickson V. Lee ("Lee"), Ian G. Robinson ("Robinson"), and Jung Mei Wang ("Wang").  Amended complaints were filed in that action on December 15, 2011, February 28, 2012, March 2, 2012, and February 4, 2013. Another action was commenced in the Southern District of New York ("*Buker* Action") on September 23, 2013 against L&L, Lee, Wang, and Robinson. The *Mills* Action was transferred to the Southern District of New York on May 29, 2014 to be consolidated with the *Buker* Action. On June 24, 2014, the Court consolidated the *Mills* and *Buker* Actions and Robert Leonard and Gregg Irvin were appointed Lead Plaintiffs.  On July 7, 2014, Lead Plaintiffs filed a consolidated amended complaint.

On May 6, 2014, the Settling Parties participated in an all-day mediation with Hon. Layn R. Phillips (Ret.). The Settling Parties continued to have arm's-length discussions and eventually reached a settlement. The Settling Parties agreed to resolve the litigation for total consideration of three million five hundred thousand dollars ($3,500,000).

## III.     ELEMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS

In preliminarily approving the proposed Settlement, this Court should first consider whether conditionally to certify the settlement class.  *See Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 620 (1997) (trial court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23).

2

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue as representative parties on behalf of a class if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims of defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. *See* Fed. R. Civ. P. 23(a). In addition, an action may be maintained as a class action if the "court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In support of their contention that proper and sufficient grounds for class certification exist under Rule 23(a) and 23(b)(3), Plaintiffs demonstrate the following:

### A.    Numerosity

Rule 23(a)(1) requires a class be so large that joinder of all members is "impracticable." Fed. R. Civ. P. 23(a)(1). Courts generally assume that the numerosity requirement is met in cases involving nationally traded securities. *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *12 (S.D.N.Y. July 27, 2007). Indeed, "numerosity is presumed at a level of 40 members." *Consolidated Raid Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). In this case, although the exact size of the Class is not yet known, but there are mostly likely hundreds if not thousands of members in the proposed Class. Thus, the numerosity requirement is met.

### B.    Commonality

The commonality element of Rule 23(a)(2) requires that "questions of law or fact [are] common to the class." *EVCI,* 2007 WL 2230177 at *13. In a securities class action like this one the commonality requirement "is applied permissively." *Id*. The test or standard for meeting Rule 23(a)(2) prerequisite is qualitative rather than quantitative; that is, there need be only a single issue common to all members of the class. Therefore, this requirement is easily met in most cases. *Newberg on Class Actions* § 3.10 (4th).

Where, as here, there are common questions of law and fact pertaining to whether a false statement of material fact were made, whether the statements were made with the requisite state of mind, and what the proper measure of damages is, commonality is easily met. *See, e.g.,* *Teachers' Retirement Sys. of Louisiana v. ACLN Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *4 (S.D.N.Y. Dec. 27, 2004) (commonality is satisfied when it is alleged that class members have been injured by the same fraudulent scheme.).

### C.    Typicality

Rule 23(a)(3) requires that the representative's claim be typical of those of the members of the class. A representative's claim is typical if each class member's claim arose from the same course of conduct and is based on the same legal theories. However, "typical" does not mean identical. *EVCI*, 2007 WL 2230177 at *13.

The heart of this requirement is that Lead Plaintiffs and each member of the represented group have an interest in prevailing on similar legal claims. Assuming such an interest, particular factual differences, differences in the amount of damages claimed, or even the availability of certain defenses against a class representative may not render his or her claims atypical. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990).

Lead Plaintiffs are the proposed Class representatives in this Litigation.  Exactly as was the case with all other members of the proposed Class during the Class Period, Lead Plaintiffs purchased L&L common stock during the period from August 13, 2009 through and including September 18, 2013 based on Defendants' allegedly materially false and misleading statements.

### D.    Adequacy

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class.  This requirement has traditionally entailed a two-pronged inquiry: first the moving party must show that the interests of the representative parties will not conflict with the interests of the class members, and second, that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.  *EVCI*, 2007 WL 2230177 at *13.  Pursuant to Federal Rule of Civil Procedure 23(g), adequacy of class counsel is now considered separately from the determination of the adequacy of the class representatives. In any event, both prongs of the adequacy requirement are satisfied here.

#### (i)    Adequacy of the Proposed Class Representatives

The proposed Class representatives have no interests that are antagonistic to those of the members of the proposed Class. The proposed Class representatives purchased L&L common stock during the Class Period. The proposed Class representatives are seeking, on their own behalf and on behalf of all members, to recover from Defendants damages caused by Defendants' unlawful conduct.  The Class representatives' interests are congruent with and not antagonistic to other Class Members' interests.

#### (ii)    Rule 23(g) Adequacy of the Proposed Class Counsel

Rule 23(g) requires a court to assess the adequacy of proposed class counsel.  To that end, the court must consider the following: (1) the work counsel has done in identifying or

investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 182 (S.D.N.Y. 2005).

Lead Counsel are experienced in prosecuting class actions as class counsel and/or lead counsel, having successfully prosecuted securities class actions in courts throughout the country. Courts have consistently found Lead Counsel, The Rosen Law Firm, P.A. and Faruqi & Faruqi LLP, to be well suited as class counsel in securities class actions.

### E. Common Questions Predominate and the Class Is Superior to Other Methods of Adjudication

After meeting the threshold requirements of Rule 23(a), a plaintiff must establish that the proposed class meets the requirements of Rule 23(b)(3).  To certify a class under Rule 23(b)(3), the Court must find that:

> the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).  Here, Lead Plaintiffs satisfy the predominance and superiority criteria of Rule 23(b)(3).

It is well established that in determining whether common questions predominate, the Court's inquiry should be directed primarily toward the issue of liability.  Indeed, "[w]here, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied."  *Similow v. S.W. Bell Mobile Sys. Inc.*, 323 F.3d 32, 40 (1st Cir. 2003).  When common questions represent a significant aspect of a case and they can be resolved in a single action, class action status is appropriate.  *See* 7A Wright, Miller & Kane,

*Federal Practice and Procedure: Civil 2d*, § 1788 at 528 (1986).  "Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class."  *Smilow*, 323 F.3d at 39.  In the instant Litigation, the existence of common questions and their predominance over individual issues are exemplified by the fact that if every Class Member were to bring an individual action, each plaintiff would be required to demonstrate the same omissions or misrepresentations to prove liability.  Thus, this case illustrates the principle that the predominance requirement is "readily met" in many securities fraud class actions.  *Amchem*, 421 U.S. at 625.

Factors relevant to a finding of superiority include:

(a)     the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b)     the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class;

(c)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d)     the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Many, if not most, of the Class Members are individuals for whom prosecution of a costly damages action on their own behalf does not provide a realistic or efficient alternative. The Southern District of New York is an appropriate forum because pursuant to 28 U.S.C. § 1391(d), L&L may be properly sued in any district court in the United States; moreover L&L's common stock traded on the NASDAQ and currently trades on the OTC, which is located in this district.  Additionally, as to Rule 23(b)(3)(D), Lead Plaintiffs believe no difficulties will be encountered in the management of this class action and Settlement.

In terms of fairness and efficiency, this Court should balance the merits of certifying a class against other possible methods of adjudication.  Absent a class action, this Court would be faced with the task of potentially litigating numerous lawsuits.  *See also Smilow*, 323 F.3d at 41 ("The core purpose of Rule 23(b)(3) is to vindicate the claims of … groups of people whose individual claims would be too small to warrant litigation").

Clearly, as set forth above, a class action is the superior method of adjudication and satisfies the requirements of Rule 23(b)(3).  Solely for the purposes of settlement, Defendants do not dispute that the Class should be certified in accordance with Rule 23(b)(3).  As such, the Court should conditionally certify the Class for settlement purposes.

## IV.   THE SETTLEMENT MEETS THE CRITERIA NECESSARY FOR THIS COURT TO GRANT PRELIMINARY APPROVAL

### A.   Standards for Preliminary Approval

Pursuant to Rule 23(e), because this Litigation is styled as a class action, the Settlement must ultimately be approved by the Court.  Fed. R. Civ. P. 23(e).  Preliminary approval of the Settlement is the first step that must be taken before the Court can consider final approval of the Settlement.  *See* 4 H. Newberg & A. Conte, *Newberg on Class Action* (4th ed. 2002) at ¶ 11.25, p. 38.  In preliminarily approving the Settlement, this Court must preliminarily satisfy itself that this Litigation may proceed as a class action.  As demonstrated above, the Court should approve the class action status of this litigation.

Upon satisfying itself that the action may achieve class action status, the Court must then approve the form, content, and means of notifying the preliminarily certified Class of the existence of the Litigation and of the terms of the Settlement.  The Court must then set deadlines for Lead Counsel to disseminate and/or publish the notice, for Class Members to opt-out of the Class, for Class Members to object to the terms of the Settlement, and/or for Class Members to

file claims.  Lastly, the Court must set a date for the final Settlement Hearing to determine whether it will approve the Settlement as fair, reasonable, and adequate.  *See Manual for Complex Litigation* (Fourth), § 21.632 (2004); *see also Dunhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1 (1st Cir. 1999); *Durret v. Housing Auth. Of Providence*, 896 F.2d 600, 604 (1st Cir. 1990).

Preliminary approval is merely the prerequisite to giving notice of the proposed settlement to members of the prospective Class for their acceptance or rejection.  Preliminary approval does not require this Court to make an ultimate determination of whether the Settlement is fair, reasonable, and adequate.  Rather, that determination is made only after notice of the Settlement has been given to the members of the Class and after they have been given an opportunity to voice their views of the Settlement or to be excluded from the Settlement Class.  *See* 5 James Wm. Moore, *Moore's Federal Practice* ¶¶ 23.83[1], 23-336.2 to 23-339 (3d ed. 2002); *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (At the preliminary approval stage, the court must only determine whether "[t]he settlements are at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.").  For this reason, if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval, preliminary approval" should be granted.  *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2006 U.S. Dist. LEXIS 81440, at *13 (S.D.N.Y. Nov. 8, 2006); *see also Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007) ("Preliminary approval of settlements should be given if the settlement is the result of serious, informed and non-collusive negotiations and the proposed settlement has no obvious

deficiencies, such as giving preferential treatment to class representatives, or granting excessive attorneys fees") (quoting *In re Medical X-Ray Film Antitrust Litig.*, CV 93-5904 (CPS), 1997 WL 33320580, at *6 (E.D.N.Y. Dec. 26, 1997)).

Accordingly, at this stage of the settlement process, the Court conducts only a preliminary evaluation to determine whether the proposed Settlement is within range of possible final approval.

**B.      Preliminary Fairness Review**

**(i)      The Negotiations Were Fair, Conducted at Arm's-Length, and Supervised by a Nationally Recognized Mediator**

The Court should first consider the circumstances surrounding the negotiations to ascertain whether any aspect thereof raises an inference of collusion. *City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1043 (1st Cir. 1996); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("While the opinion and recommendation of experienced counsel is not be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement").   Here the proposed Settlement for three million five hundred thousand dollars ($3,500,000) is the product of extensive negotiations that spanned the course of several months and included an all-day mediation session before a well-regarded mediator.   The negotiations were at all times hard-fought and at arm's-length, and have produced a result that the Settling Parties believe to be in their respective best interests.   Moreover, there are absolutely no facts that could be taken even to hint at collusion.

**(ii)      Lead Counsel and Settling Defendants' Counsel Are Highly Experienced and Capable**

The proponents of Settlement are highly experienced in this type of litigation.  As held by the court in *Lyons v. Marrud, Inc.*, 1972 WL 327, at *2 (S.D.N.Y. June 6, 1972), "[e]xperienced and competent counsel have assessed these problems and the probability of success on the

merits. They have concluded that compromise is well-advised and necessary. The parties' decision regarding the respective merits of their positions has an important bearing on this case." Thus, "[a] strong presumption of fairness attaches to proposed settlements that have been negotiated at arm's length." *Thompson v. Metro Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003). As discussed above, Lead Counsel are firms with strong reputations in the securities field that have successfully prosecuted and settled numerous securities class actions throughout the country, and Settling Defendants' Counsel are large, prominent firms with substantial experience litigating securities class actions.

(iii)    **The Settlement Falls within the Range of Possible Approval**

As explained above, the proposed Settlement was reached only after protracted, arm's-length negotiations between the Settling Parties and through consideration of the advantages and disadvantages of continued litigation. Lead Counsel, who have a great deal of experience in prosecution and resolution of complex securities litigation, have carefully evaluated the merits of this case and the proposed Settlement. Even if the matter were to proceed through trial, Lead Counsel know from experience that the apparent strength of Lead Plaintiffs' case is no guarantee against a defense verdict. Furthermore, even if a judgment were obtained against Defendants at trial, the recovery might not be greater, and indeed might be less, than the three million five hundred thousand dollars ($3,500,000) provided by the proposed Settlement. L&L has very few assets to cover more than the share of the Settlement Amount that it is paying. Thus, even if successful at trial, Lead Plaintiffs might have difficulty in collecting any judgment.

Additionally, the proposed Settlement has no obvious deficiencies. The Settlement provides for payment of three million five hundred thousand dollars ($3,500,000) in cash which constitutes a significant recovery for Class Members. The Settlement does not mandate

excessive compensation for Lead Counsel.  As set forth in the Settlement Notice, Lead Counsel will apply for an award of one-third (33 1/3%) of the Gross Settlement Fund, as defined in the Settlement Stipulation filed herewith, and for reimbursement of their actual expenses not to exceed ninety-five thousand dollars ($95,000).  Any award of fees and expenses is subject to Court approval.

## V.   THE PROPOSED NOTICE TO CLASS MEMBERS SATISFIES RULE 23(C)(2)(B)

When a settlement is proposed, class notice must meet the requirements of both Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure.  *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 379-80 (S.D.N.Y. 2013).  Under Rule 23(c)(2), the Court "must direct to class members the best notice that is practicable under the circumstances."  *Vargas v. Capital One Fin. Advisors*, No. 13-3262, 2014 U.S. App. LEXIS 4689, at *9 (2d Cir. Mar. 13, 2014) (finding delivery of notice by first class mail to be reasonable).  In addition to being sent by an adequate delivery method, the notice "must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings," including the opportunity to opt out of or object to the settlement.  *Id.*; *Shapiro v. JPMorgan Chase & Co.*, No. 11 Civ. 7961 (CM), 2014 U.S. Dist. LEXIS 37872, at *60 (S.D.N.Y. Mar. 21, 2014) ("Rule 23(e) requires notice that is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections.").  The PSLRA and the Due Process Clause of the United States Constitution impose similar requirements.  *See* 15 U.S.C. § 78u-4(a)(7);  *Consol. Edison, Inc. v. Ne. Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("Due process requires that the notice to class members fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.").

Here, the Proposed Order for Preliminarily Approving Settlement and Providing for Notice ("Preliminary Order"), which is attached as Exhibit A to the Settlement Stipulation, mandates that within twenty (20) days of the Court's order preliminarily approving the Settlement, Lead Counsel shall provide notice to Class Members through mailing of the proposed Settlement Notice to all identifiable Class Members, substantially in the form annexed as Exhibit A-1 to the Preliminary Order, together with a copy of the Proof of Claim and Release, substantially in the form annexed as Exhibit A-2 to the Preliminary Order.

The proposed Settlement Notice provides detailed information concerning (a) the rights of Class Members, including the manner in which objections could be lodged; (b) the nature, history, and progress of the Litigation; (c) the proposed Settlement; (d) the process for filing a Proof Of Claim; (e) a description of the Plan of Allocation; (f) the fees and expenses to be sought by Lead Counsel; and (g) the necessary information for any Class Member to examine the Court records should they desire to do so.  The Settlement Notice also sets forth instructions to securities brokers and other nominee holders for forwarding the Settlement Notice to those persons for whom the nominees held shares in street name.

Seven (7) days after mailing the Settlement Notice, Lead Counsel shall cause the Publication Notice, substantially in the form annexed as Exhibit A-3 to the Preliminary Order, to be published once in *Investor's Business Daily*, and shall cause a copy of the Publication Notice to be published electronically on *GlobeNewswire*.

The content of the proposed Settlement and Publication Notices are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  As well, the proposed method of notice described above, specifically mailing and publication, satisfies the requirements of Rule 23, the PSLRA, and due process.  *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173 (1974); *see also, Krangel v.*

*Golden Rule Resources, Ltd.*, 194 F.R.D. 501, 505 (E.D. Pa. 2000) ("The mailing of the notice to

identifiable class members and major financial institutions and publication of the summary

notice in *The Wall Street Journal* and *The Globe and Mail* was the best means practicable to

notify class members and, thus, satisfies Rule 23.").

## VI.    PROPOSED SCHEDULE OF EVENTS

The Lead Plaintiffs proposes the following schedule of events leading to the Settlement

Hearing as set forth in the Preliminary Order filed herewith:

| Event | Deadline for Compliance |
|---|---|
| Mailing of the Settlement Notice and Proof of Claim and Release. | Twenty (20) after the entry of Preliminary Order. (Preliminary Order ¶ 7.) |
| Publication of the Publication Notice. | Seven (7) days after the mailing of the Settlement Notice and Proof of Claim and Release. (Preliminary Order ¶ 8.) |
| Filing deadline for Lead Plaintiffs' motion in support of the Settlement, the Plan of Allocation, and for application of attorneys' fees and expenses. | Thirty-five (35) days prior to the Settlement Hearing. (Preliminary Order ¶20.) |
| Filing deadline for requests for exclusion and objections. | Twenty-one (21) days prior to the Settlement Hearing. (Preliminary Order ¶¶ 15, 17.) |
| Filing deadline for Proofs of Claim. | Seventy-five (75) days after the Notice Date (Preliminary Order ¶ 14.) |
| Filing deadline for Lead Plaintiffs' reply to any objections or exclusions. | Seven (7) days prior to the Settlement Hearing. (Preliminary Order ¶ 19.) |
| Date for Settlement Hearing. | One-hundred (100) days from entry of the Preliminary Order. (Preliminary Order ¶ 1.) |

This schedule is similar to those used in numerous class action settlements and provides due

process for the putative Class Members with respect to their rights concerning the Settlement.

This schedule, in providing ample time for Class Members to make objections, is

consistent with the Court's Local Rules that govern how much time must be allowed for making

motions and responding thereto.  Recently, the Ninth Circuit found that there must be sufficient

time to object to class counsel's fee motion and used the district court's local rules governing

time for filing and answering motions as a benchmark.  *In re Mercury Interactive Corp. Sec. Litig.*, No. 08-17372, 2010 WL 3239460, at *6, 7, n.2 (9th Cir. Aug. 18, 2010).  The schedule Lead Plaintiffs request here–which provides fourteen days for Class Members to file objections to Lead Plaintiffs' final approval and attorneys' fees motions and provides fourteen days for Lead Plaintiffs to reply to any objections—is consistent with Local Civil Rule 6.1(b).  Local Civil Rule 6.1(b) provides that "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers, and . . . any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers."

The Court should schedule the Settlement Hearing at least one-hundred (100) days after entering the Preliminary Order in order for there to be sufficient time for mailing the Settlement Notice and Proof of Claim and Release, publishing the Publication Notice, filing proofs of claim, making requests for exclusion, filing the motion in support of final approval of the Settlement and the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses, making objections, filing the reply in support of final approval, and reviewing the requests for exclusion.

## VII.   CONCLUSION

Counsel for the Settling Parties have reached this Settlement following extensive discussions and arm's-length negations. At this juncture, the Court need not answer the ultimate question: Whether the Settlement is fair, reasonable, and adequate.  The Court is being asked to permit notice of the terms of the Settlement to be sent to the Settlement Class and to schedule a hearing to consider any views expressed by the putative Class Members, the fairness of the Settlement, and Lead Counsel's request for an award of attorneys' fees and reimbursement of

expenses.  *Moore*, *supra*, §23.83[1], at 23-336.2 to 23-339.  We respectfully submit that the Settlement should be preliminary approved and the proposed order entered.

For all the above-stated reasons, Lead Plaintiffs request that the Court (1) certify the Class for the purposes of Settlement; (2) preliminarily approve the Settlement as set forth in the Stipulation; (3) approve the form and manner of notice; and (4) set a Settlement Hearing date for final approval of the proposed Settlement.

Dated:  December 16, 2014                    Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

/s/  Phillip Kim
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

FARUQI & FARUQI LLP

Rich Gonnello
369 Lexington Avenue 10th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
Email: rgonnello@faruqilaw.com

Lead Counsel for Plaintiffs and the Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on the 16th day of December, 2014, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip C. Kim