USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/3/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 13-cv-6704-RA- AJP & 14cv.3860

IN RE L&L ENERGY, INC. SECURITIES LITIGATION

**FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

This Document Relates To: All Actions

---

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Order"), dated February 13, 2015 (Dkt. No. 66), on the application of Lead Plaintiffs Gregg Irvin and Robert Leonard (collectively, "Lead Plaintiffs"), on behalf of the Class, on the one hand, and L&L Energy, Inc. ("L&L"), Dickson V. Lee, Ian G. Robinson, and Clayton Fong (collectively, "Defendants" and, together with Lead Plaintiffs, the "Settling Parties") for approval of the class settlement set forth in the Stipulation of Settlement ("Settlement Stipulation"), dated as of December 15, 2014, between the Settling Parties. Due and adequate notice has been given to the Class as required in the Preliminary Order, and the Court, having considered all papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all terms used herein shall have the same meanings as set forth in the Settlement Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over the Settling Parties to the Litigation, including all members of the Class.

3. The District Court finds, for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class Members; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court, Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A., are hereby appointed as Class Counsel.

5. The Class is defined as all persons who purchased L&L common stock during the period between August 13, 2009 and September 18, 2013, inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of L&L, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded are persons who suffered no compensable losses (such as persons who bought L&L common stock during the class period but sold prior to any partial corrective disclosure). Also, as specified below, excluded from the Class are persons who make requests for exclusion from the Class in the manner and within the time period provided by the Settlement Stipulation and/or by order of the Court and do not thereafter rescind such requests.

6. This Order and Final Judgment is binding on all members of the Class, other than those persons listed in Exhibit 1 hereto who have filed timely and valid requests to be excluded from the Class.

7. The notification provided for and given to the Class was in compliance with the Preliminary Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

8. The Settlement is hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Settlement Stipulation.

9. The Consolidated Complaint, dated July 7, 2014, is hereby dismissed in its entirety as to the Defendants, with prejudice, and without costs to any Settling Party, except to the extent provided in the Settlement Stipulation and herein.

10. The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-4(c)(1), that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11. Upon the Effective Date, Lead Plaintiffs, the Class and each Class Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever released, relinquished, acquitted and discharged the Released Parties from the Released Claims, whether or not such Class Member executes and delivers the Proof of Claim.

12. Upon the Effective Date, Lead Plaintiffs, the Class and each Class Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in

concert with any such person, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, unknown claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, except to enforce the Settlement.

13. Upon the Effective Date, the Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released and forever discharged any all claims against Lead Plaintiffs relating to the institution and prosecution of the Action, and shall forever be enjoined from instituting, maintaining or prosecuting any or all such claims. Nothing contained herein shall release any claim Defendants may have against any entity or party other than Lead Plaintiffs, including but not limited to any claim against L&L or any of its current or former officers, directors, or insurance companies. Nothing contained herein shall release any claim Lead Plaintiffs and Class Members may have against any entity or party other than the Released Parties.

14. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed on Exhibit 1 hereto, is bound by this Order and Final Judgment, including, without limitation, the release of claims as set forth in the Settlement Stipulation.

15. This Order and Final Judgment and the Settlement Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding. The Order and Final Judgment and the Settlement Stipulation, and all papers related thereto, also are not, and shall not be construed to

be, any admission by Lead Plaintiffs or any Class Member of any lack of merit of the Litigation in any respect.

16. In the event that the Settlement does not become consummated in accordance with the terms of the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation.

17. Any Court order regarding the Plan of Allocation or the attorneys' fees and expenses award or award to Lead Plaintiffs shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

18. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of funds from the Net Settlement Fund, shall remain under the authority of this Court.

19. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Amount; ~~(c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation;~~ and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

5

20. There being no just reason to delay entry of this Order and Final Judgment, the Clerk of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Order and Final Judgment forthwith *in both 13Civ.6704 and 14Civ.3860, and close both cases*

Dated: New York, New York
   8/3/15, 2015

*/s/ Andrew J. Peck*

Honorable Andrew J. Peck
United States District Court for the Southern District of New York

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

*copies ECF: All Counsel*

**BY ECF**

6

**EXHIBIT 1- Parties Excluded From Settlement**

1. Roger Beckham
2. Arif Hirani
3. Gary C. Sibenaller
4. George T. Hawes
5. Miles C. Miller
6. Roger L. Rawson
7. Ross Pirasteh
8. Third Set Capital LLC
9. T Squared Investments LLC (including T Squared Investment's successor interests in T Squared China Fund LLC)